

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FILED**

JAN 1 4 2010

DAVID CREWS, CLERK
By_____
          Deputy

T. REID THOMAS and
THOMAS BATTERY CO., INC.                              PLAINTIFFS

v.                                        CIVIL ACTION NO. 1:10CW10-A-D

JAMES J. THOMPSON, JR., individually;
NOLAN E. AWBREY, individually;
D. LEON ASHFORD, individually;
JAMES B. GUNTHER, JR., individually;
HARE, WYNN, NEWELL & NEWTON,
L.L.P.; HILL & BOREN, P.C.; and
JOHN DOES 1-10                                        DEFENDANTS

## NOTICE OF REMOVAL

Defendants James J. Thompson; Nolan E. Awbrey; D. Leon Ashford; and Hare, Wynn,

Newell, Newell & Newton, L.L.P. ("these defendants") respectfully notify the court that they

have removed this civil action from the Circuit Court of Attala County, Mississippi. Removal is

proper because this court has diversity jurisdiction over this civil action. In further support of

removal, defendants state as follows.

## PRELIMINARY STATEMENT

1.      This civil action was originally filed on August 24, 2009, in the Circuit Court of

Attala County, Mississippi. Copies of all process, pleadings, and orders served upon defendants

James Thompson, Jr.; Nolan E. Awbrey; D. Leon Ashford; and Hare, Wynn, Newell, Newell &

Newton, L.L.P. in the Circuit Court of Attala County are attached hereto as Exhibit "A," as

required by 28 U.S.C. §1446(a). As of the date of filing this Notice of Removal, the other named

defendants have not been served with process; further, pursuant to Miss. R. Civ. P. 4(h), the time

to serve process has expired therefore, consent of removal was not needed nor sought.

2.　　　These defendants were served with process on December 16, 2009. Therefore, this removal satisfies the 30-day deadline under 28 U.S.C. §1446(b).

3.　　　The complaint filed in this case ("complaint") presents a variety of claims relating to the defendants' legal representation of the plaintiffs[1] in the case styled *Mathis Battery Co. v. Exide Corp.*, ("*Exide* cases") in the Chancery Court of Weakley County, Tennessee. The causes of actions listed in the complaint are: breach of contract, tortuous breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, fraud, civil conspiracy, conversion, restitution, request for formal accounting, unjust enrichment, estoppel and detrimental reliance, fraudulent inducement, fraudulent concealment, and punitive damages. As the complaint states, there is a similarly filed suit, styled *Sam Lush, et al. v. James Thompson, Jr., et al.,* ("*Lush*" case) pending in the Second Judicial District, Circuit Court of Hinds County, Mississippi[2].

## GROUNDS FOR REMOVAL

4.　　　This court has diversity jurisdiction over all of the claims in this civil action because the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332.

5.　　　Plaintiffs are citizens of Mississippi and/or a Mississippi corporation with its principal place of business in Attala County, Mississippi[3]. (Complaint ¶¶1-2). All defendants are resident citizens of Alabama or Tennessee or organizations organized under the laws of Alabama

---

[1] T. Reid Thomas and Thomas Battery Co., Inc. (hereinafter referred to collectively as "plaintiffs").

[2] Unlike the case at hand, the *Lush* case is not removable because the parties are not completely diverse.

[3] Specifically, the complaint alleges plaintiff T. Reid Thomas is an adult resident citizen of Mississippi, and plaintiff Thomas Battery Co. is a sole proprietorship, owned and operated by T. Reid Thomas, with its principle place of business in Kosciusko, Mississippi.

2

or Tennessee[4]. Since plaintiffs are resident citizens of Mississippi and defendants are resident citizens of Alabama or Tennessee, there is complete diversity of citizenship between the plaintiffs and the defendants in this matter. *See* 28 U.S.C. § 1332(a)(1).

6.    Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace Attala County, Mississippi; the county in which the removed action was pending prior to removal.

7.    The complaint also satisfies the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. §1332(a). Plaintiffs fail to allege a specific amount of damages in the Complaint. However, for three independent reasons, it is facially apparent that the $75,000 amount-in-controversy requirement is exceeded[5]. Moreover, the court should view the three independent reasons, set out below, in the aggregate –which would significantly exceed the amount-in-controversy requirement.

8.    First, the complaint alleges that the defendants promised Mr. Thomas that he would receive $150,000 for his role as lead plaintiff in the *Exide* case. (Complaint ¶13). According to the complaint, however, Mr. Thomas only received $5,759.44. (Complaint ¶¶ 27-28). This is the impetus for the plaintiffs' claim of fraudulent misrepresentation. (Complaint ¶¶67-72). Therefore, it is proper to believe that if the plaintiffs were to prevail against the defendants for fraudulent misrepresentation, it is more likely than not, that the plaintiffs will be awarded a minimum of $144,240.56[6].

---

[4] All defendants, including the defendants that are named parties but have not been served with process, are resident citizens of Alabama or Tennessee. Hare, Wynn, Newell, Newell & Newton, L.L.P. is a limited liability partnership organized under the laws of Alabama, with its principal place of business in Alabama.

[5] *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) (stating that defendant's burden to prove that amount-in-controversy exceeds the jurisdictional amount is met if "it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds §1332's jurisdictional minimum").

[6] $150,000 (allegedly promised) - $5,759.44 (received) = $144,240.56

JM JM3 829032 v1
2907274-000001 01/14/2010

9.      Second, the court should look to the *Lush* complaint to discern the amount-in-controversy.  As the complaint alleges, plaintiffs unsuccessfully attempted to join the *Lush'* suit against the defendants for these same claims. (Complaint ¶33).  The *Lush* complaint alleges that the defendants wrongfully retained $2,000,000 of the plaintiffs' settlement funds in the *Exide* cases[7].  Like the Fifth Circuit's opinion in *De Aguilar v. Boeing Co.,* this court should look to the amount requested in the *Lush* complaint to help clarify the true amount in controversy.  *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57-59 (5th Cir. 1993) (amount requested in previous complaint in which plaintiff was a party, but later dismissed, was sufficient to establish amount in controversy in current case).  As the *Lush* complaint alleges, the amount in controversy is in the millions of dollars.

10.      Third, the complaint demands punitive damages.  "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Montgomery v. First Family Fin. Serv.,* Inc., 239 F.Supp.2d 600, 605 (S.D. Miss. 2002).  Likewise, the plaintiffs' unlimited punitive damages claim against the defendants makes it even more likely than not that the amount-in-controversy requirement is satisfied here.  *See Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998) (holding that the amount in controversy was facially apparent when considering the plaintiff's punitive damages claim alone); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995) ("[B]ecause of the collective scope of punitive damages and their nature as individual claims under Mississippi law, the amount of such an alleged award is counted against each plaintiff's

---

[7] *See Lush v. Thompson* complaint attached as *exhibit* "B."

[8] *See exhibit* "B" ¶35.

required jurisdictional amount"). In light of the plaintiffs' requests for compensatory and punitive damages, it is facially apparent that the amount-in-controversy requirement has been satisfied.

11.     Even though the above reasons independently establish that it is facially apparent that the amount in controversy exceeds $75,000, the court should view the above reasons in the aggregate. *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's alleged damages in the aggregate exceeded amount-in-controversy requirement). Viewing, in the aggregate, the demand in the *Lush* suit for more than $2,000,000; the claim that Mr. Thomas was promised $150,000 but only received $5,749.44; and plaintiffs' request for punitive damages, it is more likely than not, that the amount-in-controversy will surely exceed $75,000.

12.     Accordingly, the court has diversity jurisdiction and removal is proper.

13.     These defendants are concurrently filing a copy of this Notice of Removal with the Circuit Court of Attala County, Mississippi, and providing a copy to counsel for the plaintiffs.

Respectfully submitted,

J. CARTER THOMPSON, JR. (Miss. Bar #8195)
JESSE MITCHELL, III (Miss. Bar #103020)
AMY L. CHAMPAGNE (Miss. Bar #102447)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
Post Office Box 14167
Jackson, Mississippi 39236-4167
Telephone: (601) 351-2400
Facsimile: (601) 592-2464
cthompson@bakerdonelson.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2010, I served the foregoing by United States mail,

postage prepaid, on the following:

> Drew M. Martin
> MARTIN LAW FIRM, PLLC
> 1635 Lelia Drive, Suite 102
> Jackson, MS 39216
>
> DAVID NEIL McCARTY LAW FIRM, PLLC
> 1635 Lelia Drive, Suite 102
> Jackson, MS 39216
> **ATTORNEY FOR PLAINTIFFS**

J. CARTER THOMPSON, JR.

STATE OF MISSISSIPPI

ATTALA COUNTY

## CLERK'S CERTIFICATE

I, Wanda Fancher, the duly elected, qualified and acting Circuit Clerk in and for the County of Attala, State

Of Mississippi, do hereby certify that the above pages in the cause styled: Thomas T. Reid vs. James

Thompson Jr., Cause No. 09-0186-CV- M, on the Circuit Court Docket of Attala County, Mississippi,

constitute and contain a full, true, and correct copy of the original papers, in the above described cause.

Witness my signature, this the 4th day of January, 2010.


Wanda Fancher
Wanda Fancher
Attala County Circuit Clerk


By: Lora Newell, D.C.



# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Mississippi Supreme Court     Form AOC/01
Administrative Office of Courts     (Rev 2009)

**Court Identification Docket #**

| Court ID (CH, CI, CO) | Case Year | Docket Number |
|---|---|---|
| 0 4 | C I | 2 0 0 9 | 0 1 8 6 -CV |

County # | Judicial District | Court ID

Local Docket ID: 3

Month: 0 8   Date: 2 4   Year: 0 9

This area to be completed by clerk     Case Number if filed prior to 1/1/94

---

In the **CIRCUIT**     Court of **ATTALA**     County —     Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: **Thomas** (Last Name)   **T. Reid** (First Name)   Maiden Name, if applicable   M.I.   **Jr.** (Jr/Sr/III/IV)

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff**  101 Stevens Drive, Brandon, MS 39047

**Attorney (Name & Address)**  Martin Law Firm PLLC, 1635 Lelia Drive Suite 102, Jackson, MS 39216    MS Bar No. **101045**

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

---

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual: **Thompson** (Last Name)   **James** (First Name)   Maiden Name, if applicable   **J** M.I.   **Jr.** (Jr/Sr/III/IV)

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

**Attorney (Name & Address) - If Known** _____    MS Bar No. _____

**Damages Sought:**   Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Termination of Parental Rights
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other _____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Worker's Compensation
- [ ] Other _____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other _____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Other _____

**Children/Minors – Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion Minor
- [ ] Removal of Minority
- [ ] Other _____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other _____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other _____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other _____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other _____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Loss of Consortium
- [X] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other _____

IN THE CIRCUIT_____ COURT OF ATTALA_____ COUNTY, MISSISSIPPI

__1st__ JUDICIAL DISTRICT, CITY OF Kosciusko_____

Docket No. 2009 - 0186-CVM # 13_____    Docket No. If Filed
    File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94_____

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** _____    _____ (_____) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** Thomas Battery Co., Inc.
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** Marti___ Bar # or Name: 101045_____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____    _____ (_____) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____    _____ (_____) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT _____ COURT OF ATTALA _____ COUNTY, MISSISSIPPI

_____ / ꙅ± _____ JUDICIAL DISTRICT, CITY OF Kosciusko _____

Docket No. 2009 - O86-CV-M ⧺ 13
  File Yr   Chronological No.   Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: Awbrey _____ Nolan _____ ( _____ ) E _____
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual**: Ashford _____ D. Leon _____ ( _____ ) _____
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual**: Gunther _____ James _____ ( _____ ) B _____ Jr.
              Last Name        First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>ATTALA</u> **COUNTY, MISSISSIPPI**

<u>/ 5th</u> **JUDICIAL DISTRICT, CITY OF** Kosciusko

Docket No. <u>2009 - 0186-CV-m #13</u>
<span style="font-size:small">File Yr      Chronological No.      Clerk's Local ID</span>

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # _5_ :**

**Individual:** _____ ⋅ _____ ( _____ ) _____ _____
<span style="font-size:small">Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Hare, Wynn, Newell & Newton, L.L.P</u>
<span style="font-size:small">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _6_ :**

**Individual:** _____ _____ ( _____ ) _____ _____
<span style="font-size:small">Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** <u>Hill & Boren, P.C.</u>
<span style="font-size:small">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # _7_ :**

**Individual:** <u>Does</u> <u>John</u> ( _____ ) _____ _____
<span style="font-size:small">Last Name      First Name      Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV</span>

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
<span style="font-size:small">Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated</span>

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

# MARTIN LAW FIRM
## PLLC

1635 LELIA DRIVE, SUITE 102
JACKSON, MS 39216
MARTINLAWFIRM@MARTINLAWFIRMPLLC.COM

DREW M. MARTIN
MELISSA SELMAN MARTIN

TELEPHONE (601) 366-8410
FACSIMILE: (866) 945-9168

August 19, 2009

Wanda Fancher, Clerk
100 Courthouse, Ste. 1
Kosciusko, MS 39090

**Re:**  *T. Reid Thomas and Thomas Battery Co., Inc. v. James J. Thompson, Jr., individually; Nolan E. Awbrey, individually; D. Leon Ashford, individually; James B. Gunther, Jr., individually; Hare, Wynn, Newell & Newton, L.L.P.,; Hill & Boren, P.C.; and John Does*

Dear Ms. Fancher,

Enclosed you will find the original and one (1) copy of Complaint regarding the above-referenced matter. Please file the original, stamp the copy "filed," and return the copy in the enclosed postage-prepaid envelope. Also enclosed is a check from Martin Law Firm in the amount of $120.00 for the filing fee.

Please let me know if you have any questions.

Sincerely,

*Anna C. Sweat*

Anna C. Sweat
Legal Assistant

c.c.    Reid Thomas

Enclosures

**FILED**
Wanda Fancher, Circuit Clerk

AUG 24 2009
By Lula Thompson, D.C.

1572

**MARTIN LAW FIRM, PLLC**
1635 LELIA DR STE 102
JACKSON, MS 39216
(601) 366-8410

85-127-842

DATE _8/19/09_

PAY TO THE ORDER OF _Attala County Circuit Clerk_                    $ 120.00/100

_One hundred twenty & 00/100_ — — — — — — — — **DOLLARS**

**BancorpSouth®**
Member FDIC
INFOLINE 1-888-797-7711

FOR _Filing Fee, Complaint, Thomas v. Hw_

⑈001572⑈ ⑈084201278⑈ 6066490⑈

# MARTIN LAW FIRM
### PLLC

1635 LELIA DRIVE, SUITE 102
JACKSON, MS 39216
MARTINLAWFIRM@MARTINLAWFIRMPLLC.COM

DREW M. MARTIN
MELISSA SELMAN MARTIN

TELEPHONE (601) 366-8410
FACSIMILE: (866) 945-9168

December 23, 2009

Wanda Fancher
Circuit Clerk of Attala County
100 Courthouse, Ste. 1
Kosciusko, MS 39090

> **Re:** *T. Reid Thomas and Thomas Battery Co., Inc. v. James J. Thompson, Jr., individually; Nolan E. Awbrey, individually; D. Leon Ashford, individually; James B. Gunther, Jr., individually; Hare, Wynn, Newell & Newton, L.L.P.; Hill & Boren, P.C.; and John Does*

Dear Ms. Fancher:

Enclosed you will find the original and one (1) copy each of four Proofs of Service.

Please file the original, stamp the copy "filed," and return the copy to me in the enclosed postage-prepaid envelope.

Please let me know if you have any questions.

Sincerely,

*Anna C. Sweat*

Anna C. Sweat
Legal Assistant

Enclosures

**F I L E D**
Wanda Fancher, Circuit Clerk
DEC 30 2009
By _____

# **RETURN OF SERVICE**

| | | |
|---|---|---|
| **State of Mississippi** | **County of Attala** | **Circuit Court Court** |

Case Number: 09-0186-CV-M

Plaintiff:
**T. Reid Thomas and Thomas Battery**

vs.

Defendant:
**James J Thompson, Jr., Nolan E Awbrey, D. Leon Ashford, James B Gunther, Jr. , Hare Wynn, Newell, & Newton, LLP; Hill & Boren, P.C.; and John Does 1-10**

For:
Drew Martin
Martin Law Firm, PLLC
1635 Lelia Drive
Suite 102
Jackson, MS 39216

Received by Expedited Process Serving, LLC on the 17th day of December, 2009 at 11:32 am to be served on **Mr. James J Thompson Jr., The Historic Massey Building, 2025 3rd Ave. North, Suite 800, Birmingham, Jefferson County, AL 35203**.

I, Shane Caton, do hereby affirm that on the **17th day of December, 2009** at **3:58 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** , to: **Mr. James J Thompson Jr.** at the address of: **@ Baker Donaldson Law Firm, 420 20th Street N 16th Floor, Birmingham, Jefferson County, AL 35203**.

I am over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**F I L E D**
Wanda Fancher, Circuit Clerk

DEC 30 2009

By _____

**Shane Caton**
Process Server

**Expedited Process Serving, LLC**
**35903 Highway 280**
**Sylacauga, AL 35150**
**(205) 995-9633**

Our Job Serial Number: 2009000938

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Mississippi** | **County of Attala** | **Circuit Court Court** |

Case Number: 09-0186-CV-M

Plaintiff:
**T. Reid Thomas and Thomas Battery**

vs.

Defendant:
**James J Thompson, Jr., Nolan E Awbrey, D. Leon Ashford, James B Gunther, Jr. , Hare Wynn, Newell, & Newton, LLP; Hill & Boren, P.C.; and John Does 1-10**

For:
Drew Martin
Martin Law Firm, PLLC
1635 Lelia Drive
Suite 102
Jackson, MS  39216

Received by Expedited Process Serving, LLC on the 17th day of December, 2009 at 11:32 am to be served on **Noland E Awebrey, The Historic Massey Building, 2025 3rd Ave. North, Suite 800, Birmingham, Jefferson County, AL 35203.**

I, Shane Caton, do hereby affirm that on the **17th day of December, 2009** at **3:58 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** , to: **Mr. Noland E Awebrey** at the address of: **@ Baker Donaldson Law Firm, 420 20th Street N Suite 1600, Birmingham, Jefferson County, AL 35203.**

I am over the age of 18, of sound mind and neither a party to or interested in the above suit.  I have personal knowledge of the facts stated above.  I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**F I L E D**
Wanda Fancher, Circuit Clerk

DEC 3 0 2009
By _____, D.C.

Shane Caton
Process Server

**Expedited Process Serving, LLC
35903 Highway 280
Sylacauga, AL  35150
(205) 995-9633**

Our Job Serial Number: 2009000937

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

# RETURN OF SERVICE

| State of Mississippi | County of Attala | Circuit Court Court |
|---|---|---|

Case Number: 09-0186-CV-M

Plaintiff:
**T. Reid Thomas and Thomas Battery**

vs.

Defendant:
**James J Thompson, Jr., Nolan E Awbrey, D. Leon Ashford, James B Gunther, Jr. , Hare Wynn, Newell, & Newton, LLP; Hill & Boren, P.C.; and John Does 1-10**

For:
Drew Martin
Martin Law Firm, PLLC
1635 Lelia Drive
Suite 102
Jackson, MS 39216

Received by Expedited Process Serving, LLC on the 17th day of December, 2009 at 11:32 am to be served on **Mr. D. Leon Ashford, The Historic Massey Building, 2025 3rd Ave. North, Suite 800, Birmingham, Jefferson County, AL 35203.**

I, Shane Caton, do hereby affirm that on the **17th day of December, 2009 at 3:43 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint** , to: **Mr. D. Leon Ashford** at the address of: **The Historic Massey Building, 2025 3rd Ave. North, Suite 800, Birmingham, Jefferson County, AL 35203.**

I am over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**F I L E D**
Wanda Fancher, Circuit Clerk

DEC 30 2009
By _____, D.C.

**Shane Caton**
Process Server

**Expedited Process Serving, LLC**
35903 Highway 280
Sylacauga, AL 35150
(205) 995-9633

Our Job Serial Number: 2009000936

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Mississippi** | **County of Attala** | **Circuit Court Court** |

Case Number: 09-0186-CV-M

Plaintiff:
**T. Reid Thomas and Thomas Battery**

vs.

Defendant:
**James J Thompson, Jr., Nolan E Awbrey, D. Leon Ashford, James B Gunther, Jr. , Hare Wynn, Newell, & Newton, LLP; Hill & Boren, P.C.; and John Does 1-10**

For:
Drew Martin
Martin Law Firm, PLLC
1635 Lelia Drive
Suite 102
Jackson, MS 39216

Received by Expedited Process Serving, LLC on the 17th day of December, 2009 at 11:32 am to be served on **Hare, Wynn, Newell, & Newton, Llp, D. Leon Ashford, Registered Agent, 2025 3rd Ave North, Suite 800, Birmingham, Jefferson County, AL 35203.**

I, Shane Caton, do hereby affirm that on the **17th day of December, 2009** at **3:44 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Mr. D. Leon Ashford** as **Registered Agent** at the address of: **Hare, Wynn, Newell, & Newton, LLP, 2025 3rd Ave North, Suite 800, Birmingham, Jefferson County, AL 35203** on behalf of **Hare, Wynn, Newell, & Newton, Llp**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

**FILED**
Wanda Fancher, Circuit Clerk

DEC 30 2009

By _Lula Thompson_, D.C.

**Shane Caton**
Process Server

**Expedited Process Serving, LLC**
**35903 Highway 280**
**Sylacauga, AL 35150**
**(205) 995-9633**

Our Job Serial Number: 2009000935

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

SAM V. LUSH; JOHN McGRUDER; AUTO
SUPPLY COMPANY, INC.; PORT GIBSON PARTS;
LUCEDALE GLASS AND BATTERY;
JERRY T. HAVARD; DICK'S AUTO PARTS;
JOHN D. MANN; BATES TIRE CENTER;
THOMAS STANLEY BATES; LILLIAN L. BATES;
THE BATTERY SERVICE, INC.; BATTERY SERVICE
SLIDELL; BATTERY SERVICES CHALMETTE;
MICHAEL LIND; MILLS AUTO PARTS;
OLLIE GOMILLION and REED THOMAS

**FILED**

JAN 2 4 2007

**BARBARA DUNN, CIRCUIT CLERK**
**BY**_____**D.C**

PLAINTIFFS

VS.                                                              NO. 252-01-01 CW

JAMES J. THOMPSON, JR., individually;
NOLAN E. AWBREY, individually; D. LEON
ASHFORD, individually; JOHN D. FIKE, individually;
MICHAEL KEYTON, individually; and HARE, WYNN,
NEWELL & NEWTON, L.L.P.                                          DEFENDANTS

---

## COMPLAINT
### (JURY TRIAL REQUESTED)

---

COME NOW the Plaintiffs, by and through undersigned counsel, and file this their

Complaint against the Defendants herein, and hereby demand a jury trial in this action and, in

support thereof, would respectfully show unto the Court the following, to-wit:

1.    Parties:

a.    SAM V. LUSH is an adult resident citizen of the State of Mississippi.

b.    JOHN McGRUDER is an adult resident citizen of the State of Mississippi.

c.    AUTO SUPPLY COMPANY, INC., is a resident corporation of the State of

Mississippi in good standing.

d.    PORT GIBSON PARTS is a business licensed in the State of Mississippi which is



owned and operated by Sam V. Lush.

 e. LUCEDALE GLASS AND BATTERY is a business licensed in the State of Mississippi which is owned and operated by Jerry T. Havard.

 f. JERRY T. HAVARD is an adult resident citizen of the State of Mississippi.

 g. DICK'S AUTO PARTS is a business licensed in the State of Mississippi which is owned and operated by John D. Mann.

 h. JOHN D. MANN is an adult resident citizen of the State of Mississippi.

 i. BATES TIRE CENTER is a business licensed in the State of Mississippi which is owned and operated by Thomas Stanley Bates and Lillian L. Bates.

 j. THOMAS STANLEY BATES is an adult resident citizen of the State of Mississippi.

 k. LILLIAN L. BATES is an adult resident citizen of the State of Mississippi.

 l. THE BATTERY SERVICE, INC. is a resident corporation of the State of Mississippi in good standing.

 m. BATTERY SERVICE SLIDELL is a business licensed in the State of Louisiana which is owned and operated by Michael Lind.

 n. BATTERY SERVICES CHALMETTE is a business licensed in the State of Louisiana which is owned and operated by Michael Lind.

 o. MICHAEL LIND is an adult resident citizen of the State of Mississippi.

 p. MILLS AUTO PARTS, INC., is a resident corporation in the State of Alabama in good standing.

 q. OLLIE GOMILLION is an adult resident citizen of the State of Alabama.

 ·r. REED THOMAS is an adult resident citizen of the State of Mississippi.

 s. JAMES J. THOMPSON, JR., is an adult resident citizen of the State of Alabama who

is employed by Hare, Wynn, Newell and Newton, LLP, whose office address is the Massey Building, Suite 2025, Third Avenue North, Birmingham, Alabama, where he can be personally served with process.

    t.    NOLAN E. AWBREY is an adult resident citizen of the State of Alabama who is employed by Hare, Wynn, Newell and Newton, LLP, whose office address is the Massey Building, Suite 2025, Third Avenue North, Birmingham, Alabama, where he can be personally served with process.

    u.    D. LEON ASHFORD is an adult resident citizen of the State of Alabama who is employed by Hare, Wynn, Newell and Newton, LLP, whose office address is the Massey Building, Suite 2025, Third Avenue North, Birmingham, Alabama, where he can be personally served with process.

    v.    JOHN D. FIKE is an adult resident citizen of the State of Mississippi who can be served with process of this Court at his business address of 114 West Main Street, Raymond, Mississippi.

    w.    MICHAEL KEYTON is an adult resident citizen of the State of Mississippi who can be served with process of this Court at his business address of 905 Farmer Street, Port Gibson, Mississippi.

    x.    HARE, WYNN, NEWELL & NEWTON, L.L.P., is a Limited Liability Partnership organized under the laws of the State of Alabama which may be served with process of this Court through its registered agent for service of process, Leon Ashford, Managing Partner, Massey Building, Suite 2025, Third Avenue North, Birmingham, Alabama, where he can be personally served with process.

    2.    Venue is proper because a majority of the acts/actions/omissions and/or commissions

took place in Mississippi.

3.    This Court has jurisdiction over the parties and over the subject matter.

### FACTS

4.    On or about, _____, Plaintiffs retained the law firm of Hare, Wynn, Newell and Newton, LLP, by and through James J. Thompson, Jr., for representation in an action against Exide Corporation, and others regarding defective batteries sold to the Plaintiffs.

5.    On or about November 18, 1999, the law firm of Hare, Wynn, Newell and Newton, LLP, by and through James J. Thompson, Jr., D. Leon Ashford and Nolan E. Awbrey, filed a Complaint on behalf of the Plaintiffs styled Sam V. Lush, et al., vs. Exide Corporation, et al., in the Circuit Court of Claiborne County, Mississippi, in Case No. CV-99-0211. A copy of this Complaint is attached hereto as Exhibit "A."

6.    On or about March 29, 2001, Defendants represented to the Plaintiff's that the Plaintiffs' case had been settled for the total sum of Five Hundred Thousand Dollars ($500,00.00).

7.    In fact, the Plaintiffs' case had been settled for the sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00).

8.    The Defendants, each of them collectively and individually, retained the Two Million Dollars ($2,000,000.00) that belonged to the Plaintiffs herein and disbursed from said sum amounts to clients not part of the Plaintiffs' case in Mississippi, retained expenses not related to the Plaintiffs' case in Mississippi and disbursed fees to attorneys who did not represent Plaintiffs in their case in Mississippi.

### COUNT 1

### FRAUDULENT MISREPRESENTATION

9.    The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully

set forth herein.

    10.    The Defendants, each of them collectively and individually, made fraudulent material misrepresentation about the content and nature of the documents that they requested the Plaintiff to sign regarding the settlement of the Mississippi lawsuit.

    11.    The Defendants, each of them collectively and individually, made fraudulent material misrepresentation about the amount of the settlement funds regarding the Mississippi lawsuit.

    12.    The Defendants, each of them collectively and individually, made fraudulent material misrepresentation about the Defendants' expenses and attorneys fees regarding the Mississippi lawsuit.

    13.    At all times material and relevant Defendants knew that their statements concerning the settlement were false and their intent was that the Plaintiffs would rely upon those representations. In fact, the Plaintiffs did act and rely upon the representations of Defendants and were unaware of the false nature of said assertions and representations.

    14.    At all times material and relevant, the Plaintiffs believed that Defendants were men of integrity and that they could reasonably place their trust in Defendants and rightfully relied upon Defendants' assertions.

    15.    As a direct and proximate result of the Plaintiff's reliance upon Defendants' fraudulent misrepresentations, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

## COUNT 2

### NEGLIGENT MISREPRESENTATION

    16.    The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

17.    The Defendants, each of them collectively and individually, made material misrepresentation about the content and nature of the documents that they requested the Plaintiffs to sign regarding the settlement of the Mississippi lawsuit.

18.    The Defendants, each of them collectively and individually, made material misrepresentation about the amount of the settlement funds regarding the Mississippi lawsuit.

19.    The Defendants, each of them collectively and individually, made material misrepresentation about the Defendants' expenses and attorneys fees regarding the Mississippi lawsuit.

20.    At all times material and relevant Defendants knew, or should have known, that their statements concerning the settlement were false and that the Plaintiffs would rely upon those representations. In fact, the Plaintiffs did act and rely upon the representations of Defendants and were unaware of the false nature of said assertions and representations.

21.    At all times material and relevant, the Plaintiffs believed that Defendants were men of integrity and that they could reasonably place their trust in Defendants and rightfully relied upon Defendants' assertions.

22.    As a direct and proximate result of the Plaintiff's reliance upon Defendants' misrepresentations, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

### COUNT 3

### INJUNCTION PROHIBITING FUTURE CONDUCT
### OF A SIMILAR CHARACTER, KIND OR NATURE

23.    The Plaintiff realleges and incorporate each and every preceding paragraph as if fully set forth herein.

24.     The Plaintiffs are entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character and nature as that demonstrated and described in this complaint at any time in the future in the state of Mississippi.

### COUNT 4

### ACCOUNTING

25.     The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

26.     Plaintiffs demand an accounting of and from Defendants, including but not limited to, a detailed history (debits and credits) as they relate to the accounts of Defendants which pertain in any manner to the Plaintiffs, Exide Corporation, and the disbursement of $2,500,000.00 received from Exide Corporation or any of their agents or subsidiaries.

### COUNT 5

### BREACH OF FIDUCIARY DUTY

27.     The Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

28.     The Defendants owed a fiduciary duty to the Plaintiffs. This fiduciary duty or confidential relationship arose because, in part, the Plaintiffs placed special trust and confidence in the Defendants and due to the business relationship existing between the Plaintiffs and the Defendants.

29.     The Defendants had a duty to act in the best interests of Plaintiffs, or at least not to act in a manner that was directly adverse to the interests of the Plaintiffs.

30.     The Defendants breached their fiduciary duty owed to the Plaintiffs

31.     The Plaintiffs are entitled to an award of actual damages of and from one or more of these Defendants in an amount to be determined at a trial of this matter.

32.  The conduct of each one or more of these Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon these Plaintiffs. Further, one or more of these Defendants have visited such a wrong upon the Plaintiffs so as to import insult, oppression or reckless disregard for those Plaintiffs' rights.

33.  The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

### COUNT 6

### CIVIL CONSPIRACY

34.  The Plaintiffs adopt and incorporate herein by reference all preceding paragraphs.

35.  The Defendants entered into a civil conspiracy with each other to retain Two Million Dollars ($2,000,000.00) that belonged to the Plaintiffs herein and disburse from said sum amounts to clients not part of the Plaintiffs' case in Mississippi, retain attorney's fees and expenses not related to the Plaintiffs' case in Mississippi, disburse fees to attorneys who did not represent Plaintiffs in their case in Mississippi, and to engage in the other wrongful conduct alleged herein.

36.  As a direct and proximate result of the unlawful conspiracies, the Plaintiffs have been damaged in an amount to be proven at trial.

37.  The Plaintiffs are entitled to an award of actual damages of and from one or more of these defendants in an amount to be determined at a trial of this matter.

38.  The conduct of each one or more of these defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the harm or damage such conduct would inflict upon these Plaintiffs. Further, one or more of these defendants

have visited such a wrong upon the Plaintiffs so as to import insult, oppression or reckless disregard for these Plaintiffs' rights.

39.     The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

## COUNT 7

### ESTOPPEL AND DETRIMENTAL RELIANCE

40.     The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

41.     The Plaintiffs reasonably relied to their detriment on the fraudulent and/or negligent misrepresentations concerning material facts made by the Defendants, and the concealment of material facts by the Defendants as set out in the foregoing paragraphs. Based on such reasonable reliance, the Plaintiffs changed their positions and were damaged as a result.

42.     Under the doctrines of detrimental reliance, equitable estoppel, and promissory estoppel, the Defendants are liable to the Plaintiffs for their resulting damages. Further, the Defendants should be estopped from asserting any contractual defenses to the causes of action stated herein.

43.     The Plaintiffs are entitled to an award of actual damages of and from one or more of these defendants in an amount to be determined at a trial of this matter.

44.     The conduct of each one or more of these defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon these Plaintiffs. Further, one or more of these defendants have visited such a wrong upon the

Plaintiffs so as to import insult, oppression or reckless disregard for these Plaintiffs' rights.

45.    The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

## COUNT 8

### RESTITUTION

46.    The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

47.    For the reasons aforestated herein, Plaintiffs are entitled to recover all expenditures and related charges made by the Defendants which enriched themselves to the detriment of the Plaintiffs. As a direct and proximate result of the afore described actions of all of these Defendants, these Plaintiffs have suffered harm, injury and damages.

48.    The Plaintiffs are entitled to an award of actual damages of and from one or more of these defendants in an amount to be determined at a trial of this matter.

49.    The conduct of each one or more of these defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon these Plaintiffs. Further, one or more of these defendants have visited such a wrong upon the Plaintiffs so as to import insult, oppression or reckless disregard for these Plaintiffs' rights.

50.    The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

### COUNT 9

## BREACH OF COVENANT AND DUTY OF GOOD FAITH AND FAIR DEALING

51.     The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

52.     In the State of Mississippi, regarding the creation of a contract and not just regarding performance thereunder, there exists a duty and covenant of good faith and fair dealing between the parties. These covenants prevent one party from exercising judgment in such a manner as to evade the spirit of the transaction or to deny the other party the expected benefit of the contract or agreement.

53.     Defendants herein had a duty to deal with the Plaintiffs honestly and fairly and to disclose every material element of the oral or written agreements which would be embodied in the instruments.

54.     The Defendants breached their duty to act in good faith and deal fairly with the plaintiffs when they retained the Two Million Dollars ($2,000,000.00) that belonged to the Plaintiffs herein and disbursed from said sum amounts to clients not part of the Plaintiffs' case in Mississippi, retained attorney's fees and expenses not related to the Plaintiffs' case in Mississippi and disbursed fees to attorneys who did not represent Plaintiffs in their case in Mississippi.

55.     As a result of the failure of these Defendants to deal fairly and in good faith with each of these Plaintiffs, the Plaintiffs have sustained damages and injuries as will be shown at a trial on the merits.

56.     The Plaintiffs are entitled to an award of actual damages of and from one or more of these defendants in an amount to be determined at a trial of this matter.

57.     The conduct of each one or more of these Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy

or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon these Plaintiffs. Further, one or more of these Defendants have visited such a wrong upon the Plaintiffs so as to import insult, oppression or reckless disregard for these Plaintiffs' rights.

58.    The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

## COUNT 10

### UNJUST ENRICHMENT

59.    The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

60.    As a result of Defendants unfair and wrongful practices as described herein, Defendants have been unjustly enriched.

61.    Accordingly, Plaintiffs are entitled to damages as a result of Defendants improper and unlawful conduct.

## COUNT 11.

### BREACH OF CONTRACT

62.    The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

63.    That the actions, inactions, refusals and omissions of the Defendant constitutes breach of contract.

64.    That as a direct and proximate result of the breach of contract by Defendant, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

## COUNT 12

### CONVERSION

65.   The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

66.   That the actions, inactions, refusals and omissions of the Defendant constitutes Conversion.

67.   That as a direct and proximate result of the breach of contract by Defendant, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

## COUNT 13

### FRAUD

68.   The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

69.   That the actions, inactions, refusals and omissions of the Defendant constitutes Fraud.

70.   That as a direct and proximate result of the breach of contract by Defendant, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

## COUNT 14

### FRAUDULENT INDUCEMENT

71.   The Plaintiffs reallege and incorporate each and every preceding paragraph as if fully set forth herein.

72.   That the actions, inactions, refusals and omissions of the Defendant constitutes Fraudulent Inducement.

73.    That as a direct and proximate result of the breach of contract by Defendant, the Plaintiffs suffered injuries and suffered pecuniary damages in an amount to be proven at the trial of this matter.

### PUNITIVE DAMAGES

74.    Plaintiff adopts and incorporates by reference all facts asserted in each and every allegation of the Complaint as if fully set forth herein.

75.    At all times relevant and material, the Defendants acted with malice and with the intent injure the business of the Plaintiffs and acted with disregard for the rights of the Plaintiffs.

76.    At all times relevant and material, the Defendants wilfully, wantonly, and intentionally acted with gross negligence for the rights of the Plaintiffs.

77.    That as a direct and proximate result of the willful, wanton, intentional, grossly negligent acts, and/or omissions of the Defendants, Plaintiff was caused to suffer grievous, severe injury and harm to her business, emotional damages and other damages to be proven at trial.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs pray for a judgment of from and against the Defendants in a sum that will fully and fairly compensate the Plaintiffs for their loss, and Plaintiffs pray that this Court enter a judgement against these Defendants, for punitive damages in an amount that will sufficiently punish such conduct and deter such conduct in the future, plus cost of court, reasonable attorney fees and any other relief that this Court or a jury deems just and proper.

SAM V. LUSH, ET AL., PLAINTIFFS

BY:

M. JUDITH BARNETT

M. JUDITH BARNETT - MSB# 99766
BARNETT LAW FIRM
501 South State Street
Jackson, Mississippi 392301
Telephone: (601) 948-6640
Attorney for Plaintiffs

Apr. 24. 2007 5:28PM

DEC. 08'2006 14:44 16014374543          CIRCUIT CLERK                    #2784 P.002/010

IN THE CIRCUIT COURT FOR CLAIBORNE COUNTY
MISSISSIPPI
CIVIL ACTION NO.: *CV-99-0211*

SAM V. LUSH, an individual; JOHN McGRUDER, an individual; AUTO SUPPLY COMPANY;
PORT GIBSON PARTS; LUCEDALE GLASS and BATTERY; JERRY T. HAVARD; DICK'S
AUTO PARTS; JOHN D. MANN; BATES TIRE CENTER; THOMAS STANLEY BATES and
LILLIAN L. BATES; THE BATTERY SERVICE, INC.; BATTERY SERVICE SLIDELL;
BATTERY SERVICES CHALMETTE; MICHAEL LIND; MILLS AUTO PARTS; OLLIE
GOMILLION;

        Plaintiffs,

vs.

EXIDE CORPORATION; DANNA ELLIS, an individual; DEFENDANTS A, B and C, the
correct legal designation of the entity known as Exide Corporation; DEFENDANTS D, E and F,
the person, firm, corporation or entity who participated in the fraudulent scheme of selling
batteries to the Plaintiffs and who knew they were out of date and unmerchantable; all of whose
true names are unknown to the Plaintiffs at the present time, but will be added by amendment
when ascertained,

        Defendants.

FILED

NOV 1 8 1999

Mrs. Maurine Good, Circuit Clerk
By _____ D.C.

---

## C O M P L A I N T

---

    1.    Plaintiff, Sam V. Lush, is an individual who resides and operates his
business in Port Gibson, Claiborne County, Mississippi.

    2.    Plaintiff, John McGruder, resides in the State of Mississippi.

    3.    Auto Supply Company, Inc. of Vicksburg, is a Mississippi corporation
doing business in the State of Mississippi.

    4.    Lucedale Glass and Battery is a sole proprietorship owned and operated by
Jerry Havard, a resident of Mississippi.

    5.    Dick's Auto Parts is a Mississippi proprietorship owned and operated by
John D. Mann, a resident of Mississippi.

    6.    Bates Tire Center is a Mississippi proprietorship owned and operated by
Thomas Stanley Bates and Lillian L. Bates, individual residents of Mississippi.

Exhibit "A"

2

7.    The Battery Service, Inc. is a Mississippi corporation doing business in Mississippi from 1979 to 1997 whose principal stockholder is Michael Lind, an individual residing in the State of Mississippi.

8.    Battery Service Slidell and Battery Service Chalmette is a Louisiana proprietorship owned and operated by Michael Lind, an individual resident of the State of Mississippi.

9.    Mills Auto Parts, Inc. is an Alabama corporation owned by Ollie Gomillion, a resident of Alabama.

10.    Defendant, Exide Corporation, is a corporation believed to be incorporated under the laws of the state of Delaware, and whose principal place of business is believed to be Reading, Pennsylvania, and is currently doing business in Port Gibson, Mississippi.

11.    Defendant, Danna Ellis, is an individual and a resident of Mississippi, residing in Pearl, Mississippi, who at all material times referred to herein was an employee of the Defendant, Exide, and was responsible for the distribution of batteries to the Mississippi Plaintiffs.

## FACTS

12.    (a)    Exide is a foreign corporation doing business throughout the United States, Europe and Asia, including the great and sovereign State of Mississippi.

(b)    Exide is the world's largest battery manufacturer and distributor.

(c)    Exide has annual revenues in excess of Two Billion Dollars.

(d)    Exide has manufacturing plants throughout the United States and other parts of the world.

(e)    Exide's principal branch or warehouse in the State of Mississippi is located in the State Capitol of Jackson. This branch or warehouse distributes automobile batteries

Apr. 24. 2007 5:29PM

3

throughout the State of Mississippi.

(f)     During the years 1990 through 1997, Exide shipped thousands of automobile batteries which were inferior or defective or were substandard into the State of Mississippi.

(g)     The great majority of these automobile batteries were manufactured in Greer, South Carolina at Exide's manufacturing plant.

(h)     Exide, during the 1990's, developed a computer system known as the "FAST System" and Exide continues to use this computer program and system at the present time,

(i)     One of the functions of Exide's computer system is to recategorize "junk" batteries (value $2.50) into new categories whereby batteries may be reclassified as new to be resold at full price ($30) to unsuspecting customers, including the Plaintiffs in this case. The practice of recategorizing batteries from "junk" to new is called "dispositioning."

(j)     The Defendants have pursued the practice of selling used or old batteries as new from the early 1990's until the present time.

(k)     These batteries are sold at full price even though they may be old, used or of inferior quality, all without the knowledge of their customers, including the Plaintiffs.

(l)     Exide has been under investigation by the Florida Attorney General for deceptive trade practices similar to the ones described hereinabove.

(m)     During the 1990's, the largest customer of Exide (Sears) ceased doing business with Exide because of the inferior quality of the batteries Exide was selling to Sears, and as a result, Exide made monetary restitution to Sears in the amount of $6,500,000.00,

(n)     Exide has been sued in the State of Alabama by the Alabama Attorney General whereby Exide has been charged with violating the Alabama Deceptive Trade Practices Act as a result of Exide's conduct similar to that described hereinabove.

(o)     Exide has been sued in a National Class Action case in the United

4

States District Court for the State of Texas whereby they have been charged with acts similar to those described hereinabove.

(p)     Exide has been sued in the United States Federal District Court in South Carolina whereby they have been charged with acts similar to those described hereinabove.

(q)     Carport Corporation, one of Exide's largest customers within the State of Alabama, ceased doing business with Exide for reasons similar to the facts set out hereinabove.

(r)     Exide's Director of Project Engineering from 1988 through 1998 has testified, under oath, that many of the batteries manufactured by Exide in the 1990's, which were shipped to customers within the State of Mississippi, were either inferior or defective.

(s)     Exide's Quality Control Engineer was employed with Exide for approximately 15 years and he has given sworn testimony that Exide made millions of batteries which failed to pass the critical cold cranking and reserve capacity amp test, and that the batteries were defective and were not of good quality, yet these batteries were sold to unsuspecting customers at full price even though Exide knew the batteries were defective. Many of these batteries were sold in the State of Mississippi to unsuspecting customers, including the Plaintiffs.

(t)     An appropriate warranty return rate for "problem batteries" should be in the range of two per cent (2%) to three per cent (3%), but for many customers buying Exide batteries, including the Plaintiffs, the warranty rate returns exceeded twenty per cent (20%).

(u)     Former branch managers of Exide located in the States of Florida, North Carolina and Alabama have testified, under oath, that Exide knowingly, willfully and purposefully sold old or used or defective batteries to their unsuspecting customers at full price and that it was the policy of Exide to pursue this practice within the State of Mississippi, which affected the profitability of Exide's customers, including the Plaintiffs.

## 5

## MISREPRESENTATION

13.   Defendants either directly or indirectly made certain misrepresentations to the Plaintiffs concerning the said batteries as follows:

(a)   That all of the batteries sold by the Defendants to the Plaintiffs were factory new batteries.

(b)   That all of the batteries sold by the Defendants to the Plaintiffs were in excellent condition and would be fresh when received by the Plaintiffs.

(c)   That the batteries were of good quality, merchantable and suitable for the purpose for which they were designed, manufactured and sold by the Defendants.

(d)   Defendants represented that the said batteries were original or new but, in fact, they were deteriorating, reconditioned, used, altered or defective to the point of decreasing their value or rendering them unfit for the ordinary purpose for which they were purchased.

(f)   During the period of time described hereinabove, the Defendants knowingly, purposefully, willfully or fraudulently suppressed information relative to the batteries made the basis of this suit. Exide knew that they were not of first quality and that they were not fresh, but, contrarily, the batteries were used or old or defective in that they were manufactured in Exide's Greer, South Carolina, plant and they failed to pass the cold cranking and reserve capacity amp test.

## II. FRAUD

14.   The Defendants either directly or indirectly sold batteries to the Plaintiffs and made certain misrepresentations to the Plaintiffs concerning the said batteries as follows:

(a)   That the batteries shipped to the Plaintiffs were new and fresh.

15.   At all times during the business relationship between the Plaintiffs and the Defendants, the Defendants were guilty of fraud as follows:

Apr. 24. 2007 5:30PM

DEC.08'2006 14:46 16014374543          CIRCUIT CLERK          #2784 P.007/010

6

(a)    The Defendants were shipping old, defective and deteriorated batteries to the Plaintiffs.

(b)    The Defendants assured the Plaintiffs that they were receiving new batteries. The Defendants represented to the Plaintiffs that the said batteries were original or new when, in fact, they were deteriorated, reconditioned, reclaimed, used, second hand or altered to the point of decreasing the value or rendering the batteries unfit for the ordinary purpose for which they were purchased and the Defendants represented that the said batteries were of a particular standard, quality or grade when, in fact, the Defendants knew that the said batteries were not of a particular standard, quality or grade and instead were old, used, altered, deteriorated or unfit to be sold to the consuming public, in that the Defendants misrepresented material facts willfully and for the purpose to deceive.

(c)    The Defendants knowingly suppressed material facts which they were under an obligation to communicate to the Plaintiffs. This suppression was ongoing and continued throughout the time Plaintiffs did business with the Defendants.

(d)    The Defendants made willful misrepresentations of material facts thus inducing the Plaintiffs to purchase the said batteries as described hereinabove.

(e)    The Defendants willfully deceived the Plaintiffs with the intent to induce them to purchase said batteries which were inferior as described hereinabove.

The Plaintiffs reasonably relied upon the Defendant's fraudulent statements and misrepresentations and, as a proximate consequence of Defendants' fraudulent conduct, statements and misrepresentations, the Plaintiffs suffered damages.

16.    With respect to the individual Defendant, Danna Ellis, the Plaintiffs refer to and adopt all words and figures in paragraphs 13, 14 and 15, specifically, alleging that the individual Defendant, Danna Ellis, was guilty of misrepresentation, fraud and deceit directly and vicariously under the principles of Respondeat Superior and in addition thereto, as the warehouse manager of Exide in Jackson, Mississippi, he was guilty of selling used and old batteries as new;

7

and he was guilty of changing date codes on batteries; and he was guilty of cleaning, refurbishing and reconditioning batteries which were old or used; or he was guilty of distributing to his unsuspecting customers, batteries which were old, used or defective, for the period of time he was manager of the Exide branch in Jackson, Mississippi.

17. The Plaintiffs either directly or indirectly relied upon the fraudulent acts of the individual Defendant, Danna Ellis, and, as a proximate consequence of the conspiracy of the respective Defendants the Plaintiffs were defrauded as is described herein which included fraudulent statements which were relied upon by the Plaintiffs, and as a proximate consequence thereof, Plaintiffs were damaged and injured.

## DAMAGES

18. The Plaintiffs have been damaged and injured personally and in their businesses in that they have suffered decreased profits as a proximate consequence of the Defendant's fraudulent conduct described hereinabove. Some of the Plaintiffs have been forced out of business and have lost their businesses.

WHEREFORE, Plaintiffs claim individually and on behalf of their businesses compensatory damages. Plaintiffs also claim punitive damages for the willful, purposeful, intentional and fraudulent actions perpetrated upon them by the Defendants and claim damages in the amount of Five Hundred Million Dollars ($500,000,000.00).

JAMES J. THOMPSON, JR.
NOLAN E. AWBREY
JAMES B. GUNTHER, JR.
Attorneys for Plaintiff
290 North 21st Street
800 The Massey Building
Birmingham, Alabama 35203
Phone: (205) 328-5330

8

OF COUNSEL:

HARE, WYNN, NEWELL & NEWTON

MICHAEL E. KEYTON
P. O. BOX 694
PORT GIBSON, MISSISSIPPI 39150
Phone: (601) 437-5146

JOHN PIKE
Attorney for John Mann and
Dick's Auto Parts
P. O. Drawer 89
Raymond, Mississippi 39154
(601) 857-5282

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY IN THE TRIAL OF THIS CAUSE.

_____
OF COUNSEL

PLAINTIFFS' ADDRESSES:

SAM V. LUSH
205 ORANGE STREET
PORT GIBSON, MISSISSIPPI 39150

JOHN McGRUDER
540 SHANNON LANE
VICKSBURG, MISSISSIPPI 39180

JERRY HAVARD
LUCEDALE GLASS & BATTERY
P. O. BOX 631
LUCEDALE, MISSISSIPPI 39452

JOHN D. MANN
DICK'S AUTO PARTS
126 WEST MAIN STREET
P. O. BOX 558
RAYMOND, MISSISSIPPI 39159

STANLEY & LILLIAN BATES
BATES TIRE CENTER
1401 WATER WORKS ROAD
COLUMBUS, MISSISSIPPI 39701

**9**

MICHAEL LIND
P. O. BOX 1011
KILN, MISSISSIPPI 39556

OLLIE GOMILLION
MILLS AUTO PARTS
810 DAUPHIN ISLAND PARKWAY
MOBILE, ALABAMA 36606

SERVE DEFENDANT via CERTIFIED MAIL

EXIDE CORPORATION
2901 HUBBARD ROAD
ANN ARBOR, MICHIGAN 48105

DANNA ELLIS
245 BERMUDA DRIVE
PEARL, MS 39208