FILED
JAN 1 4 2010
DAVID GREWS, CLERK
By: [signature] Deputy

IN THE CIRCUIT COURT OF ATTALA COUNTY, MISSISSIPPI

T. REID THOMAS and
THOMAS BATTERY CO., INC.                                   PLAINTIFFS

v.                                    CIVIL ACTION NO. 09-0186-CV-M

JAMES J. THOMPSON, JR., individually;                      DEFENDANTS
NOLAN E. AWBREY, individually;
D. LEON ASHFORD, individually; JAMES           1:10 CV 10 - A-D
B. GUNTHER, JR., individually; HARE,
WYNN, NEWELL & NEWTON, L.L.P.;                 FILED
HILL & BOREN, P.C.; AND JOHN DOES              Wanda Fancher, Circuit Clerk
1-10                                           AUG 24 2009
                                               By [signature], D.C.

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff T. Reid Thomas ("Mr. Thomas"), by and through undersigned counsel, files this Complaint against the Defendants and in support thereof alleges the following:

**JURISDICTION AND PARTIES**

1. Mr. Thomas is an adult resident citizen of the State of Mississippi.

2. Thomas Battery Co. is a Mississippi corporation, owned and operated by Mr. Thomas, with its principle place of business in Kosciusko, Attala County, Mississippi. At all times relevant to this lawsuit, Thomas Battery Co. was operated as an unincorporated sole proprietorship.

3. James J. Thompson, Jr. ("Thompson"), is an adult resident citizen of the State of Alabama who is employed by the law firm Hare, Wynn, Newell and Newton, L.L.P. He can be personally served with process at his office address, 2025 Third Avenue North, Suite 800, Birmingham, Alabama.

4. Nolan E. Awbrey ("Awbrey") is an adult resident citizen of the State of Alabama who is employed by the law firm Hare, Wynn, Newell and Newton, L.L.P. He can be personally

1

served with process at his office address, 2025 Third Avenue North, Suite 800, Birmingham, Alabama.

5. D. Leon Ashford ("Ashford") is an adult resident citizen of the State of Alabama who is employed by the law firm Hare, Wynn, Newell and Newton, L.L.P. He can be personally served with process at his office address, 2025 Third Avenue North, Suite 800, Birmingham, Alabama.

6. James B. Gunther, Jr. ("Gunther") is an adult resident citizen of the State of Alabama who is employed by the law firm Gunther Law, L.L.C. At the time of the allegations comprising this lawsuit, Gunther was employed by the law firm Hare, Wynn, Newell, and Newton, L.L.P. Gunther can be personally served with process at his office address, 3415 Highway 53, Huntsville, Alabama 35806-1421.

7. Hare, Wynn, Newell & Newton, L.L.P. ("Hare Wynn"), is a law firm organized as a Limited Liability Partnership under the laws of the State of Alabama. It may be served with process of this Court through its registered agent for service of process, Leon Ashford, Managing Partner, at his office address, Massey Building, Suite 2025, Third Avenue North, Birmingham, Alabama.

8. Hill & Boren, P.C. ("Hill & Boren") is a law firm organized as a Professional Corporation under the laws of the State of Tennessee. It may be served with process of this Court through its registered agent for service of process, T. R. Hill, at 1269 N. Highland Avenue, P.O. Box 3539, Jackson, Tennessee 38301.

9. Jurisdiction and venue are proper in this action pursuant to Miss. Code Ann. § 11-11-3. A substantial portion of alleged acts or omissions which caused or contributed to the damages alleged in this Complaint occurred in Attala County.

## FACTS

10. Thompson, Awbrey, Gunther, and other attorneys acting on behalf of Hare Wynn, filed several lawsuits against Exide Battery Company ("Exide") on behalf of various client plaintiffs.

11. The lawsuits filed by Hare Wynn alleged various unscrupulous business practices by Exide, including the widespread practice by Exide of selling old batteries which it represented and warranted to be new.

12. Thompson based his investigation of Exide's unscrupulous business practices at least in part on information he received from Mr. Thomas, including photographs of defective batteries that were taken in 1998.

13. In or around 1998, Thompson approached Mr. Thomas about being a lead plaintiff in a Tennessee class action lawsuit against Exide. Thompson promised Mr. Thomas that he would receive One Hundred and Fifty Thousand Dollars ($150,000.00) as a result of his acting as lead plaintiff in the class action.

14. In August of 1998, Thompson asked Mr. Thomas to consent to be interviewed for a television special being produced by NBC's Dateline exposing certain deceptive business practices of Exide and other retailers.

15. On or about September 4, 1998, Plaintiffs retained the Hare Wynn law firm, by and through Thompson, for representation in an action against Exide and others regarding defective batteries sold to the Plaintiffs.

16. On or about September 4, 1998, the Hare Wynn law firm, by and through Thompson, Ashford, and Awbrey, along with the Tennessee law firm Hill & Boren, P.C. ("Hill & Boren"), filed a Complaint on behalf of the Plaintiffs and others styled *Mathis Battery Co. vs. Exide Corp.*

("Tennessee Exide case"), in the Chancery Court of Weakley County, Tennessee. A copy of the Complaint is attached as Exhibit "A."

17. Defendants named Mr. Thomas as one of the two (2) class representatives in the Tennessee Exide case.

18. Upon information and belief, the Tennessee Exide case was filed in response to information obtained by Hare Wynn that a separate class action lawsuit was being prepared for filing by another law firm in South Carolina. That is, Hare Wynn filed the Tennessee Exide case in an effort to win the race to the courthouse by being the first-filed class action lawsuit against Exide.

19. The Tennessee Exide case only included claims that batteries manufactured at an Exide plant in Greer, South Carolina, were defective. Mr. Thomas's separate claims related to the sale by Exide of used and recycled batteries were not pursued in the Tennessee Exide case.

20. On or about July 12, 1998, *Martin v. Exide Corp.* was filed in the United States District Court for the District of South Carolina ("South Carolina Exide case"). The *Martin* plaintiffs were represented by Nelson, Mullins, Riley & Scarborough, L.L.P., Keenan Building, Third Floor, 1330 Lady Street, P.O. Box 11070, Columbia, South Carolina 29201.

21. After learning that they had lost the race to the courthouse, instead of prosecuting the Tennessee Exide case, Hare Wynn used the case as leverage to force their way into the South Carolina Exide case.

22. The South Carolina Exide case only included claims that batteries manufactured at an Exide plant in Greer, South Carolina, were defective. Mr. Thomas's separate claims related to the sale by Exide of used and recycled batteries were not pursued in the South Carolina Exide case.

23. In February 2000, Hare Wynn asked Mr. Thomas to meet with representatives from the office of the Mississippi Attorney General in furtherance of their investigation of Exide and in furtherance of the litigation against Exide.

24. Around May of 2000, Mr. Thomas requested that Hare Wynn include his claims against Exide related to the sale by Exide of used and recycled batteries in a lawsuit filed in Claiborne County, Mississippi, on behalf of other similarly situated Mississippi individuals and business owners. The request was not honored.

25. In December 15, 2000, the administrator for the South Carolina Exide case wrote to Thomas Battery with information indicating it qualified as a member of the class in the South Carolina Exide case.

26. In an Order dated March 29, 2001, the Tennessee Exide case was dismissed with prejudice.

27. On or about April 2, 2001, Mr. Thomas received notice that the South Carolina Exide case had been settled and that Plaintiff's credit award, based on the quantity of batteries he purchased from Exide that were manufactured at the Greer, South Carolina plant, entitled him to Seven Hundred Fifty Nine Dollars and Forty-four Cents ($759.44), to be applied toward the purchase of Exide batteries.

28. Purportedly for his role as one of the original class representatives in the Tennessee case which had been dismissed, Hare Wynn paid Mr. Thomas an additional Five Thousand Dollars ($5,000.00).

29. No claim was ever asserted on behalf of Plaintiff for damages he and his business incurred for buying and re-selling used and recycled batteries which were marketed and warranted by Exide as new.

5

30. While the Plaintiffs' action was pending, the Defendants were representing similarly situated individuals in a Mississippi lawsuit against Exide, which was filed by the Defendants in the Circuit Court of Claiborne County Mississippi on or around November 18, 1999 and was styled *Lush v. Exide Corp.* ("Mississippi Exide case). Against Mr. Thomas's wishes, his claims were never joined with those prosecuted in the Mississippi Exide case.

31. On or about January 24, 2007, the former Hare Wynn clients who had been the plaintiffs in the Mississippi Exide (the "*Lush* plaintiffs") case filed suit against Hare Wynn and other others, in a case styled *Lush v. Thompson*, et al, No. 252-07-01 CW, currently pending in the Circuit Court of Hinds County Mississippi, Second Judicial District.

32. The gravanman of the lawsuit filed by the *Lush* plaintiffs against Hare Wynn is that Hare Wynn breached various legal duties it owed to the Lush plaintiffs in its representation of the *Lush* plaintiffs.

33. Plaintiffs to this action attempted to join in the *Lush v. Thompson* case. Plaintiffs were dismissed by an order dated September 4, 2008, when the Court found that Mr. Thomas was not a proper party to the lawsuit because he had not been a party in the Mississippi Exide case and therefore not a part of the eventual settlement of that action.

34. Plaintiffs' claims against these Defendants were tolled because of the fraudulent concealment of the Defendants' actions by one or more of the Defendants.

35. Plaintiffs' claims against these Defendants were also tolled under Mississippi law by the filing of *Lush v. Thompson*.

36. Plaintiffs' claims against these Defendants were also tolled under Mississippi law by the dismissal of his claims on September 4, 2008.

### COUNT 1-BREACH OF CONTRACT

37. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

38. Plaintiffs retained Defendants to prosecute all of their potential claims against Exide.

39. The Defendants' failure to exercise the reasonable care owed by attorneys in attending to their clients' matters constitutes a breach of the contract between the Plaintiffs and the Defendants.

40. Defendants breached the standard of care owed by attorneys to their clients in their dealings with Plaintiffs.

41. As a proximate result of the actions, inactions, refusals and/or omissions of the Defendants, the Plaintiffs incurred pecuniary damages, in an amount to be determined at trial, and were unable to realize the gains necessary to make him whole.

## COUNT 2-TORTIOUS BREACH OF CONTRACT

42. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

43. The Defendants' breaches of contract were intentional, willful, or with reckless disregard to the rights of Plaintiffs.

44. The intentional breaches were so wrongful, egregious, without justification and in bad faith that they entitle Plaintiffs to extra-contractual and punitive damages in such an amount as the trier of fact should determine.

## COUNT 3-BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

45. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

46. In the State of Mississippi, there exists an implicit duty or covenant of good faith and fair dealing between the parties to a contract upon the formation of the contract which protects the agreed intent of the contract.

47. The Defendants had a duty to deal with the Plaintiffs honestly and fairly and to disclose every material element of the oral or written agreements which would be embodied in the instruments.

48. The Defendants consciously breached their duty to act in good faith and deal fairly with the Plaintiffs for dishonest purposes.

49. As a result of the failure of the Defendants to deal fairly and in good faith with the Plaintiffs, the Plaintiffs have sustained damages and injuries that will be shown at trial.

50. The Plaintiffs are entitled to an award of actual damages from the Defendants in an amount to be determined at trial.

51. The conduct of the Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon these Plaintiffs.

52. The Defendants have visited such a wrong upon the Plaintiffs so as to import insult, oppression or reckless disregard for the Plaintiff's rights.

53. The Plaintiffs are entitled to an award of punitive damages in view of the enormity of the offenses of the Defendants in an amount to be determined at trial.

### COUNT 4-BREACH OF FIDUCIARY DUTY

54. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

55. Defendants owed Plaintiffs a fiduciary duty based on the retainer agreement the Plaintiff signed allowing the Defendants to act on his behalf and according to his best interests and based on their position as attorneys for the Plaintiffs.

56. Defendants, as attorneys, had a duty to provide the Plaintiffs, their clients, with competent representation.

57. Defendants, as attorneys, had a duty to provide the Plaintiffs, their clients, with representation which included the thoroughness and preparation reasonably necessary for the representation.

58. The Defendants failed to prevent their own interests from having an adverse effect on representation of a client.

59. The Defendants breached their duties to exercise the reasonable care owed by attorneys in attending to their clients' matters by, among other things, failing to act with reasonable diligence in litigating the Tennessee Exide case.

60. The Defendants breached their duties to exercise the reasonable care owed by attorneys in attending to their clients' matters by, among other things, failing to pursue their matters with commitment and dedication and with zeal in advocacy.

61. The Defendants further breached their duties by willfully neglecting the legal matters entrusted to them by Plaintiffs.

62. The Defendants further breached their duties by failing to communicate with Plaintiffs to keep them reasonably informed about the status of their cause(s) of action against Exide. Defendants' failure to communicate with Plaintiffs included the failure to inform them and obtain their consent prior to submitting an Agreed Order of Dismissal with Prejudice and to explain to Plaintiffs that they had been included as a class member in the South Carolina Exide

case to the extent reasonably necessary to permit them to make informed decisions regarding their representation of the Plaintiffs.

63. Plaintiffs are entitled to an award of actual damages from the Defendants in an amount to be determined at trial.

64. The conduct of each one or more of these Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon Plaintiffs.

65. The Defendants have visited such a wrong on the Plaintiffs as to import insult, oppression, or reckless disregard for the Plaintiffs' rights. The Plaintiffs are entitled to an award of punitive and/or exemplary and/or vindictive damages in view of the enormity of the offenses of the Defendants in an amount to be determined at trial.

## COUNT 5-FRAUDULENT MISREPRESENTATION

66. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

67. Defendants, each of them collectively and individually, made false and fraudulent representations to Plaintiffs about the nature of their claims against Exide and the relief to which Plaintiffs would be entitled.

68. Defendants had a duty to inform Plaintiffs that they were eligible to participate in the Mississippi Exide Case.

69. Defendants failed to inform Plaintiffs that they were eligible to participate in the Mississippi Exide case.

70. Defendants refused to assert claims as requested by their client.

71. The fraudulent representations made by the Defendants to the Plaintiffs were material and were representations on which the Plaintiffs reasonably relied when they agreed to be lead plaintiff and signed the contract to retain the Defendants as counsel in the Tennessee Exide case.

72. As a direct result of the fraudulent representations the Defendants made to the Plaintiffs, the Tennessee Exide case was dismissed with prejudice and the Plaintiffs sustained damages.

## COUNT 6-NEGLIGENT MISREPRESENTATION

73. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

74. The Defendants, each of them collectively and individually, made false and fraudulent representations to Plaintiffs about the nature of their claims against Exide and the relief to which Plaintiffs would be entitled.

75. Defendants had a duty to disclose to Plaintiffs that they were eligible to participate in the Mississippi Exide case.

76. Defendants failed to inform Plaintiffs that they were eligible to participate in the Mississippi Exide case.

77. The representations or omissions the Defendants made were material in nature and had significant implications on the Plaintiffs' action against Exide.

78. The Plaintiffs reasonably relied on the misrepresentations or omissions made by the Defendants because they believed that the Defendants were men of integrity and that they could reasonably place their trust in them.

79. The Plaintiffs suffered damages caused directly and proximately by their reasonable reliance on the representations or omissions made by the Defendants.

### COUNT 7-FRAUD

80. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

81. The Defendants, each of them collectively and individually, made false and fraudulent representations to the Plaintiffs about the nature of their claims against Exide and the relief to which the Plaintiffs would be entitled.

82. The Defendants, each of them collectively and individually, agreed to dismiss the Tennessee Exide case without disclosing the dismissal to the Plaintiffs or first obtaining the Plaintiffs' consent.

83. The Defendants' failure to inform the Plaintiffs that they qualified to be a plaintiff in the Mississippi Exide case is an omission that constitutes fraud.

84. The Defendants knew or should have reasonably known that the representations they made to the Plaintiffs were false.

85. The Defendants intended that the Plaintiffs would act in reliance on those representations and agree to become a lead Plaintiff in the Tennessee Exide case.

86. The Plaintiffs did not know that the Defendants' representations were false; they had a right to rely on the Defendants' representations; and they reasonably relied on the Defendants' false representations.

87. The Plaintiffs suffered injury and damages, in an amount to be proven at trial, as a proximate cause of their reliance on the Defendants' representations.

### COUNT 8-CIVIL CONSPIRACY

88. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

89. Defendants entered into a civil conspiracy with one another to commit fraudulent acts against and make fraudulent omissions to the Plaintiffs in the Tennessee Exide case.

90. The Defendants acted in concert to give the Plaintiffs Five Thousand Dollars ($5,000.00) in consolation for their misrepresentations and failure to fully prosecute his Tennessee Exide case.

91. Defendants conspired to put their own interests above the interests of their clients and maximize the fees received by Hare Wynn to the detriment of its clients.

92. The unlawful conspiracies were the proximate causes of damages the Plaintiffs sustained, the amount of which will be proven at trial.

93. The Plaintiffs are entitled to an award of actual damages from the Defendants.

94. The conduct of the Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the harm or damage such conduct would inflict upon the Plaintiffs.

95. The Defendants have visited such a wrong on the Plaintiffs as to import insult, oppression, or reckless disregard for the Plaintiffs' rights.

96. The Plaintiffs are entitled to an award of punitive damages, the amount to be determined at a trial of this matter, in view of the enormity of the Defendants' offenses.

## COUNT 9-CONVERSION

97. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

98. The Defendants retained wrongful possession of funds that rightfully belonged to the Plaintiffs.

99. As a direct and proximate result of the conversion by the Defendants, the Plaintiffs suffered injuries and pecuniary damages in an amount to be proven at trial.

## COUNT 10-RESTITUTION

100. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

101. As a proximate result of the Defendants' actions described above, the Plaintiffs have suffered harm, injury, and damages.

102. The Defendants are liable to the Plaintiffs for the resulting actual damages in an amount to be determined at trial and are responsible for making the Plaintiffs whole.

103. The conduct of the Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon the Plaintiffs.

104. The Defendants have visited such a wrong on the Plaintiffs so as to import insult, oppression, or reckless disregard for the Plaintiffs' rights.

105. The Plaintiffs are entitled to an award of punitive damages in view of the enormity of the offenses of these defendants in an amount to be determined at a trial of this matter.

## COUNT 11-ACCOUNTING

106. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

107. The Plaintiffs request an accounting for the global Exide cases from the Defendants in the form of a detailed financial statement indicating debits and credits between parties arising out of a contract or a fiduciary relation.

108. The Plaintiffs also specifically request that the accounting include the transactions related to the Defendants' payment for representing the Plaintiffs in the Tennessee Exide case and the Five Thousand Dollar ($5,000.00) payment the Plaintiffs received from the Defendants.

### COUNT 12-UNJUST ENRICHMENT

109. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

110. The Defendants have been unjustly enriched and unfairly and wrongfully recovered attorneys' fees for their work in the Tennessee Exide case.

111. Accordingly, the Plaintiffs are entitled to damages as a result of the Defendants' improper and unlawful conduct.

### COUNT 13-ESTOPPEL AND DETRIMENTAL RELIANCE

112. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

113. The Defendants made material fraudulent and/or negligent representations to the Plaintiffs.

114. The Plaintiffs, in reasonable and justifiable reliance on the Defendants' representations, retained the Defendants, to their detriment, to represent them in the Tennessee Exide case.

115. As a result of the Plaintiffs' detrimental reliance on the representations made by the Defendants, the Defendants should be estopped from asserting any contractual defenses to the causes of action stated in this Complaint.

116. The Defendants are liable to the Plaintiffs for the resulting actual damages in an amount to be determined at trial.

117. The conduct of the Defendants was outrageous, willful, egregious, reckless, grossly negligent, and/or performed with total or gross disregard for the accuracy or truthfulness of the statements uttered or for the harm or damage such conduct would inflict upon the Plaintiffs.

118. The Defendants have visited such a wrong on the Plaintiffs as to import insult, oppression, or reckless disregard for the Plaintiffs' rights.

119. The Plaintiffs are entitled to an award of punitive damages in view of the enormity of the offenses of the Defendants in an amount to be determined at a trial of this matter.

## COUNT 14-FRAUDULENT INDUCEMENT

120. Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

121. The material misrepresentations and omissions made by the Defendants for the purpose of inducing the Plaintiffs to be a lead plaintiff in the Tennessee Exide case, constitute fraudulent inducement.

122. The Defendants knew or should have known that the representations were false.

123. As a direct and proximate result of the Plaintiffs' acting in reliance on the misrepresentations made by the Defendants, the Plaintiffs suffered injuries and pecuniary damages in an amount to be proven at trial.

## COUNT 15-FRAUDULENT CONCEALMENT

124.   Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

125.   To prevent the Plaintiffs from discovering their fraudulent acts, inactions, refusals and/or omissions, the Defendants concealed pertinent information related to this cause of action from the Plaintiffs.

126.   In accordance with Miss. Code Ann § 15-1-67, the Plaintiff made reasonable and diligent efforts to communicate with the Defendants and obtain the information relevant to their case against Exide.

127.   At all times, the information the Plaintiffs needed was in the possession of Defendants.

128.   Plaintiffs are entitled to an original or copy of their client file from Hare Wynn.

129.   Plaintiffs are also entitled to inspect documents possessed by Hare Wynn that relate to Plaintiffs' case against Exide.

130.   As a direct and proximate result of the Defendants' actions, the Plaintiffs suffered injuries and pecuniary damages in an amount to be proven at trial.

## PUNITIVE DAMAGES

131.   Plaintiffs adopt by reference herein the allegations contained in the foregoing paragraphs.

132.   At all relevant and material times, the Defendants acted with intentional disregard for the rights and business interests of the Plaintiffs.

133.   At all relevant and material times, the Defendants acted with gross negligence for the rights of the Plaintiffs.

134. As a direct result of the willful, wanton, intentional, grossly negligent acts and omissions of the Defendants, the Plaintiffs suffered grave injury and harm to business, emotional damages, and other damages to be proven at trial.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray for a judgment against the Defendants in a sum that will fully and fairly compensate the Plaintiffs for their loss; and the Plaintiffs pray that this Court enter a judgment against the Defendants for punitive damages in an amount that will sufficiently punish such conduct and deter such conduct in the future, the cost of court, reasonable attorneys' fees, and any other relief that this Court or a jury deems just and proper.

Respectfully submitted, this the 19th day of August, 2009.

Plaintiffs T. Reid Thomas and Thomas Battery Co.

_____
Drew M. Martin, Miss. Bar No. 101045
One of their attorneys

*Martin Law Firm, PLLC*
1635 Lelia Drive, Suite 102
Jackson, Miss. 392116
601.366.8410 (telephone)
866.945.9168 (facsimile)

*David Neil McCarty Law Firm, PLLC*
1635 Lelia Drive, Suite 102
Jackson, Miss. 392116
601.366.8410 (telephone)
866.945.9168 (facsimile)