IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

T. REID THOMAS and
THOMAS BATTERY CO., INC.                                                    PLAINTIFFS

V.                                                          CAUSE NO.: 1:10CV10-SA-JAD

JAMES J. THOMPSON, JR.;
NOLAN E. AWBREY;
D. LEON ASHFORD; and
HARE, WYNN, NEWELL & NEWTON, L.L.P                                          DEFENDANTS

**MEMORANDUM OPINION**

This case was removed on January 14, 2010, from the Circuit Court of Attala County, Mississippi. Defendants filed a Motion to Dismiss [20]. After reviewing the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

In the late 1990's, the law firm of Hare, Wynn, Newell & Newton, L.L.P. (Hare Wynn) instituted several lawsuits against Exide Battery Company (Exide) on behalf of its clients in various states. During the relevant time periods, Defendants Thompson and Ashford were partners in the Hare Wynn law firm. Awbrey was an associate who later became a partner in the Hare Wynn law firm.

On September 4, 1998, Plaintiff Reid Thomas executed an employment agreement with the Hare Wynn law firm for representation in a suit alleging the sale of defective batteries. Plaintiff asserts at that time he wanted to pursue two causes of action: claims that the batteries manufactured at an Exide plant in Greer, South Carolina, were defective (defective battery claim); and claims that Exide fraudulently sold used and recycled batteries as new (fraud claim). The Hare Wynn Defendants filed Plaintiff's complaint in the Chancery Court of Weakley County, Tennessee, on September 4,

1998. The only claim pursued was the defective battery allegations. Plaintiff's fraud claim was not pursued in the Tennessee action. Plaintiff alleges that in exchange for his agreeing to be lead plaintiff in the Tennessee litigation, Thompson promised him $150,000.

However, a class action lawsuit against Exide Corporation had previously been filed in the United States District Court for the District of South Carolina on July 12, 1998. That action was based on the claim that batteries manufactured at the Exide plant in Greer, South Carolina, were defective. That action did not encompass Plaintiff's claims related to the sale of used and recycled batteries by Exide. Hare Wynn eventually qualified as class counsel for the plaintiffs in the South Carolina action.

While the Tennessee and South Carolina actions were pending, the Hare Wynn firm also represented similarly situated individuals in a Mississippi lawsuit against Exide filed in the Circuit Court of Claiborne County, Mississippi, filed on November 18, 1999. In May of 2000, Plaintiff requested that Hare Wynn include his fraud claims against Exide in the Mississippi action, but his claims were never joined with those prosecuted in the Mississippi case.

The Hare Wynn law firm was also involved in another case against Exide in Alabama that ended in mistrial due to the jury awarding punitive, but no compensatory damages. After the mistrial, a settlement conference commenced on May 15, 2000. Plaintiff alleges that at this conference, all cases prosecuted by Hare Wynn against Exide were settled globally. The global settlement provided for the issuance of coupons to the South Carolina class members to be used over a three year period and provided for a payment to Hare Wynn of $2,100,000 in attorneys fees. The global settlement also included $2.5 million for the settlement of the Mississippi Exide case, an action pending in Pennsylvania, and the Alabama action. The global settlement was conditioned on

dismissal of Plaintiff's action in Tennessee and the South Carolina district court's approval of the Hare Wynn attorneys' fees.

Plaintiff maintains that Defendants never disclosed the amount of the global settlement to the class members. The South Carolina Exide case administrator informed the Plaintiff on December 15, 2000, that he qualified as a class member in the South Carolina Exide case. The Tennessee Exide case was dismissed with prejudice on March 29, 2001. Hare Wynn was transferred the settlement proceeds from Exide on April 2, 2001. On that same date, Plaintiff received notice that his credit award based on the settlement entitled him to $759.44 to be applied toward the purchase of Exide batteries over three years. Hare Wynn also paid Plaintiff $5,000 for his role as one of the original class representatives in the Tennessee action.

Plaintiff contends that Hare Wynn also had filed lawsuits against other defendants, including, but not limited to Sears and K-Mart, on behalf of other clients related to defective batteries. Prior to the global settlement, Plaintiff asserts that these cases, as well as other cases against Exide, had been either dismissed or tried to a defense verdict with no recovery to Hare Wynn of expenses incurred in the prosecution of those cases. Plaintiff avers that at the time of the global settlement, Hare Wynn had expended approximately $826,100 on all battery litigation. Plaintiff asserts that Thompson and Awbrey, through the enterprise of Hare Wynn engaged in a scheme to defraud their clients of approximately $566,538.18 in unreimbursed expenses from failed litigation from the global settlement fund.

On January 24, 2007, the former plaintiffs in the Mississippi Exide case, all prior clients of Hare Wynn, filed suit against Hare Wynn in the Circuit Court of Hinds County, Mississippi. The basis of that suit is that Hare Wynn breached various legal duties owed to the Mississippi Exide case

plaintiffs in its representation of those entities. Plaintiff joined the state court action but was dismissed by Order dated September 4, 2008. The court found that Plaintiff was not a proper party to the lawsuit because he had not been a party in the Mississippi Exide case, therefore, not a part of the eventual settlement of that action.

Plaintiff filed this action in the Circuit Court of Attala County on August 24, 2009, asserting fifteen state law claims against the current Defendants. Plaintiff amended his Complaint in February of 2010 and included a RICO violation against the Hare Wynn Defendants.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

4

*Discussion and Analysis*

*Statute of Limitations*

Plaintiff and Defendants agree that the three-year statute of limitations codified in Mississippi Code Section 15-1-49 applies to Plaintiff's state law causes of action. Defendants assert that the statute of limitations began running, at the latest, on April 2, 2001, the date Plaintiff received final notice of the specific details of their recovery under the South Carolina class-wide settlement. Plaintiff argues that Defendants are barred by the doctrine of collateral estoppel from re-litigating this issue as an affirmative defense. Alternatively, Plaintiff asserts that the statute of limitations was tolled by both the discovery rule and Defendants' fraudulent concealment of the cause of action.

*(i) Collateral Estoppel*

Defendants raised the statute of limitations as an affirmative defense against Reid Thomas, a plaintiff in the state court lawsuit filed in 2007. The Hinds County Circuit Court entered an order denying Defendants' summary judgment motion and dismissing Reid Thomas as an improper party. Plaintiff asserts this denial was a final adjudication of that issue and requires this Court to recognize that judgment.

The doctrine of collateral estoppel serves to further the goals of judicial economy by limiting the re-litigation of issues decided in a previous cause of action. See Harris v. Board of Trustees of State Insts. of Higher Learning, 731 So. 2d 588, 590 (Miss. 1999). Based on federal case law, this Court must look to Mississippi law to determine whether collateral estoppel should be applied in this case. See Am. Cas. Co. v. United So. Bank, 950 F.2d 250, 253 (5th Cir. 1992) (a federal court must give a state court judgment the same preclusive effect it would have under that state's law). The Mississippi Supreme Court has held:

> When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue "[1] actually litigated, [2] determined by, and [3] essential to the judgement in a former action, even though a different cause of action is the subject of the subsequent action.". . . At its core, the rule of collateral estoppel "precludes parties from relitigating issues authoritatively decided on their merits in prior litigation to which they were parties or in privity."

Norman v. Bucklew, 684 So. 2d 1246, 1254 (Miss. 1996) (quoting Hollis v. Hollis, 650 So. 2d 1371, 1377 (Miss. 1995)); Hogan v. Buckingham, 730 So. 2d 15, 17-18 (Miss. 1998).

The Court holds that the Circuit Court of Hinds County's Order on Summary Judgment is not entitled to preclusive effect over whether the statute of limitations has been satisfied in this case. The Circuit Court's Order did not specify any findings or articulate any reasoning regarding tolling by the discovery rule or fraudulent concealment. In fact, the Order stated in pertinent part:

> This Court finds that Thomas Reed [sic] is not a proper party to this lawsuit as Thomas was not a party to the original action according to the complaint, and thus, was not a party to the settlement. Therefore, the motion for summary judgment is denied, and Thomas Reed is dismissed without prejudice.

This is insufficient to preclude this Court from considering the arguments and ruling on this issue in the present case.

Moreover, the specific issue here has not been litigated by the state court. Plaintiff alleges he is not precluded from bringing suit based on fraudulent concealment and the discovery rule. Plaintiff also asserts that the statute of limitations was tolled by the filing of the state court action from which he was dismissed. The state court did not specifically hear arguments or make findings related to whether that case tolled the limitations. Accordingly, the statute of limitations argument as it relates to the state court action is not entitled to preclusive effect under the collateral estoppel doctrine.

*(ii) Tolling*

Plaintiff asserts that the statute of limitations was tolled until he knew or should have known of his cause of action. Plaintiff contends that he had no reason to investigate any of Defendants actions until May of 2006, when a former Hare Wynn investigator showed Plaintiff documents and information that the Plaintiff asserts evidence wrongful acts. Moreover, Plaintiff claims the filing of the Hinds County Circuit Court action tolled the statute of limitations while he was a party in that action.

Mississippi Code Section 15-1-49 provides a three year statute of limitations for all action for which no other period of limitation is prescribed by statute. The statute mandates that all action must be commenced within three years "after the cause of such action accrued." Miss. Code. § 15-1-49. Moreover, in actions which involve latent injury or disease, "the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." A latent injury is defined as one where the plaintiff is "precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." PPG Architectural Finishes, Inc. v. Lowery, 909 So. 2d 47, 50 (Miss. 2005) (citing Donald v. Amoco Prod. Co., 735 So. 2d 161, 168 (Miss. 1999)). "The term 'latent injury' while seemingly vague does have definitive boundaries. . . . [but] [b]ecause there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonabl[y] should have known that an injury existed." Id. at 51. Accordingly, "if a latent injury is not present, the discovery rule would not apply." Id. at 50; see also Jackson v. Carter, 23 So. 3d 502, 505 (Miss. Ct. App. 2009).

At this juncture, the Court will defer ruling on the Defendants' Motion to Dismiss due to

insufficient evidence in the record.  Notably, there has been no evidence submitted regarding what Plaintiff knew about the settlement and its proceeds as of March 2001, either from the court or counsel; when Plaintiff received payment of the $5,000 purportedly for his role as a class representative; whether the memoranda and information provided by the former investigator contains content relevant to the Mathis Tennessee Exide litigation; or when the Plaintiff knew his fraud claims were not included in the underlying Mississippi Exide action.  This list is not exclusive of the additional information the Court needs to make the statute of limitations determination. The parties should submit all relevant evidence of when Plaintiff knew or reasonably should have known of an alleged injury to the Court.

Because this issue may be dispositive of the entire litigation, the Court will allow sixty days of discovery into the statute of limitations issue.  Defendants shall supplement its briefing on the statute of limitations issue by August 17, 2010; Plaintiff shall respond within fourteen days.  After supplemental briefing, the Court shall fully address the statute of limitations issue, as well as the other issues brought forth by Defendants, if necessary.

Accordingly, the Court DEFERS ruling on the Defendants' Motion to Dismiss pending supplemental briefing on the statute of limitations issue.

SO ORDERED, this the 4th day of June, 2010.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**