IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

T. REID THOMAS and
THOMAS BATTERY CO., INC.                                                                    PLAINTIFFS

V.                                                                            CAUSE NO.: 1:10CV10-SA-JAD

JAMES J. THOMPSON, JR., et al.                                                              DEFENDANTS

MEMORANDUM OPINION

This Court issued an Order and Memorandum Opinion on January 20, 2011, granting Defendants' Motion to Dismiss on the basis that Plaintiffs' state law causes of action were time-barred, and Plaintiffs failed to overcome the prima facie burden for proving a RICO enterprise. Plaintiffs filed a Motion to Alter or Amend Judgment [59]. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

*Federal Rule of Civil Procedure 59 Standard*

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)). This Court may grant relief under 59(e) "if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error of law or prevent manifest injustice." McGillivray v. Countrywide Home Loans, Inc., 360 F. App'x 533, 536 (5th Cir. 2010) (quoting In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)). "A district court has 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" Id. (quoting Hale v. Towney, 45 F.3d 914, 921 (5th Cir. 1995)).

*Discussion and Analysis*

A.  State Law Claims

This Court held that Plaintiffs' state law claims were not brought within the three year statute of limitations, as the claims were not tolled by the savings statute of Mississippi Code Section 15-1-69.  In particular, the Court found that Plaintiffs' "new action" (i.e., this federal court action) was not "for the same cause" as the action filed in the Hinds County Circuit Court.  Further, the Court noted that there was no proof in the record that Plaintiffs joined the Hinds County action in good faith such that the savings statute would be triggered.

Plaintiffs seek a reconsideration of this ruling based on the following reasons: (1) the Plaintiffs' state law claims were tolled by the filing of the Hinds County action; and (2) the Court misapplied the "good faith" prong of the savings statute.

The parties have exhaustively briefed the issue regarding the statute of limitations at issue here.  The Court carefully considered the arguments and authorities cited by the parties.  All arguments by Plaintiffs were or could have been made at the earlier briefing stage of this litigation.  After reconsidering these arguments, however, the Court finds there is no manifest injustice or clear error in its prior ruling regarding the statute of limitations expiration of Plaintiffs' state law claims.

B.  RICO violations

Earlier, the Court found that Plaintiffs failed to allege a sufficient RICO enterprise in order to maintain that federal cause of action.  Plaintiffs seek a reconsideration of this ruling.

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Thus, "[a] RICO 'enterprise' can be either a legal entity or an

2

'association in fact' enterprise." Huntington Nat'l Bank v. McCann, 268 F. App'x 359, 365-366 (5th Cir. 2008) (quoting In re Burzynski, 989 F.2d 733, 743 (5th Cir. 1993)). A legal entity is one that "has sufficient existence in legal contemplation that it can function legally, be sued or sue and make decisions through agents as in the case of corporations." Bonner v. Henderson, 147 F.3d 457, 459 (5th Cir. 1998).

In its earlier opinion, this Court determined that Plaintiffs' RICO action could not survive as Plaintiffs failed to establish a RICO "enterprise." The Court analyzed Plaintiffs' claims as alleging an "association in fact" enterprise. The Court found that all actions taken by the Hare Wynn law firm were performed in the course of their regular business. Thus, there was no RICO "association in fact" enterprise. After further review, the Court hereby reconsiders that ruling.

Plaintiffs' RICO Case Statement contends that the enterprise at issue was the legal entity of the Hare Wynn law firm. That entity, as alleged by Plaintiffs, is a "limited liability partnership composed of partner and associate attorneys whose purpose, functioning and course of conduct is to prosecute the claims of their plaintiff clients against various defendants." Under the plain reading of 18 U.S.C. Section 1961(4), Plaintiffs have established that the law firm of Hare Wynn is a legal entity, which qualifies them as an enterprise under that statute.

Plaintiffs' Motion to Alter or Amend Judgment [59] is GRANTED.

### *Motion to Dismiss Standard*

As the previous judgment is hereby amended, the Court addresses Defendants other grounds for dismissal not previously reached by the Court.

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area

3

Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

*Discussion and Analysis*

Reid Thomas' Tennessee Exide lawsuit was brought by "Reid Thomas, d/b/a Thomas Battery Company," among others. Since that lawsuit, Thomas Battery Company has been incorporated as a separate entity. Reid Thomas brought this lawsuit against the Defendants on behalf of himself and the separate entity of Thomas Battery Company, Inc. Defendants assert Thomas Battery Company, Inc., is not a proper party to the litigation because there is no proof of any assignment of rights or interest in the lawsuit from Reid Thomas to the later-incorporated entity.

Plaintiff has failed to prove that Thomas Battery Company, Inc., is a real party in interest, therefore, that entity is dismissed from this action.

Defendants claim that Plaintiff has failed to state a claim under RICO. With regard to RICO, the Fifth Circuit has stated:

4

> Reduced to their simplest terms, [RICO subsections (c) and (d)] state that: a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and a person cannot conspire to [conduct the affairs of the enterprise through a pattern of racketeering activity.]

Crowe v. Henry, 43 F.3d 198, 204 (5th Cir. 1995).

Defendants argue that Plaintiff has not sufficiently pled the requisite pattern and continuity of racketeering activity, or the causation required to maintain a civil RICO action.

*(i) Pattern of Racketeering Activity*

"Racketeering activity" means "any act indictable under various specified federal statutes, and certain federal offenses." Broyles v. Wilson, 812 F. Supp. 651, 657 (M.D. La. 1993). "'Racketeering activity' includes acts indictable under 18 U.S.C. § 1341 (relating to mail fraud) and § 1343 (relating to wire fraud). 18 U.S.C. § 1961(1)(B)." Whelan v. Winchester Production Co., 319 F.3d 225, 229 n. 5 (5th Cir. 2003). To establish wire fraud, one "must prove that a defendant knowingly participated in a scheme to defraud, that interstate wire communications were used to further the scheme, and that the defendants intended that some harm result from the fraud." United States v. Powers, 168 F.3d 741, 746 (5th Cir. 1999). Mail fraud requires the plaintiffs to prove: "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." United States v. McClelland, 868 F.2d 704, 706 (5th Cir. 1989).

Defendants argue that because Plaintiff does not allege any continuity in the pattern of racketeering activity, Plaintiff has failed to plead a cognizable "pattern" of racketeering activity. Plaintiff counters that the fifty-nine predicate acts over a six-year period were perpetuated to defraud numerous classes of client-litigants by hiding the true nature of the Exide settlement from them to allow the enterprise to embezzle monies from the settlement. Aside from the continued harm casued

by the predicate acts themselves, Plaintiff asserts that inherent in these predicate acts is the continued threat of continuity established by the nature of the activity. In sum, Plaintiff argues that there is nothing to prevent Defendants from continuing to embezzle money from successful future litigation clients to offset losses in other unsuccessful lawsuits.

An essential element of any RICO claim is a "pattern of racketeering activity." Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1264 (11th Cir. 2004). In 1989, the Supreme Court fleshed out the pattern requirement, holding that the racketeering predicates must "amount to, or . . . otherwise constitute a threat of, continuing racketeering activity." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

> "Continuity" is both a closed-and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition . . . . A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. . . .

H.J. Inc., 492 U.S. at 241-42, 109 S. Ct. 2893.

In light of the liberal pleading standard with which the Plaintiffs' allegations must be viewed, see Jones v. Bock, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007), district courts are cautioned not to turn the Supreme Court's explanation of the continuity prong into a stringent pleading requirement. See Whelan v. Winchester Prod. Co., 319 F.3d 225, 231 (5th Cir. 2003); see also H.J. Inc., 492 U.S. at 241, 109 S. Ct. 2893 ("[Showing continuity] may be done in a variety of ways, thus making it difficult to formulate in the abstract any general test for continuity. We can, however, begin to delineate the requirement."). For pleading purposes, the Court must determine whether a pattern of racketeering has been alleged that is sufficiently similar to what the Supreme Court

contemplated in its H.J., Inc. discussion, and what the Fifth Circuit has held to constitute a pattern of racketeering activity. At this early stage, a plaintiff's burden is not tied to the precise language that the Supreme Court used but to the Fifth Circuit's general explanation of the statute. Abraham v. Singh, 480 F.3d 351, 356 (5th Cir. 2007). Thus, the Supreme Court itself provided examples of how the continuity element may be satisfied and cautioned that the analysis "depends on the specific facts of each case . . . [and] cannot be fixed in advance with such clarity that it will always be apparent." H.J., Inc., 492 U.S. at 242-43, 109 S. Ct. 2893.

The Fifth Circuit has not defined a period of time necessary to establish a "substantial period of time" for purposes of determining closed ended continuity. See United States v. Walker, 348 F. App'x 910, 911 (5th Cir. 2009) (finding two and a half month period in which ten predicate acts occurred sufficient to establish the continuity facet of a pattern of racketeering as required by RICO). Thus, this Court must determine whether Plaintiff has pled a series of related predicates extending over a substantial period of time based on the facts of this case.

Here, the predicate acts alleged span from May of 2000 until at least April of 2001. Plaintiff asserts the criminal conduct continued through 2007. Plaintiff very specifically alleges fifty-nine acts occurring either by telephone or by interstate mail that Defendants engaged in to perpetuate the alleged scheme to defraud their clients. In particular, Plaintiff contends phone calls regarding the settlement but omitting known facts regarding Exide's pending bankruptcy were made to the courts, other attorneys, and clients. Plaintiff asserts mailings were transmitted misrepresenting the terms and conditions of the global settlement agreement, including the number of cases settled, nature of the settlement, amount of the settlement, and fees and expenses due Hare Wynn. Another alleged

7

predicate act concerned Defendants submission to the South Carolina district court of a motion for attorneys fees and costs. Plaintiff asserts this filing misrepresented expenses incurred by the Hare Wynn law firm in prosecuting the South Carolina action. Plaintiff further alleges that telephone calls were used to negotiate disbursement of settlement proceeds with other law firms in order to charge unreimbursed expenses for prior cases to the settling litigants. Those misrepresentations were then transmitted by wire and mail to Hare Wynn clients and the courts. While over fifty of the predicate acts occurred between 2000 and 2001, Plaintiff alleges Defendants criminal conduct extended through 2007 on the basis of Defendants' continued misrepresentations and omissions.

In light of the liberal pleading standards enumerated above, the Court finds that for purposes of Defendants' Motion to Dismiss, Plaintiff has sufficiently pled a pattern of continuous racketeering activity.

*(ii) Causation*

Defendants allege Plaintiff has failed to plead with sufficient particularity the necessary causal nexus between the Plaintiff's alleged damages and the Defendants' alleged misconduct.

RICO is a criminal statute, but its Section 1964(c) provides for civil damages for a party "injured in his business or property by reason of" a RICO violation. 18 U.S.C. § 1964. The Supreme Court determined in Holmes v. Securities Investor Protection Corp. that this requirement "incorporate[s] common-law principles of proximate causation." 503 U.S. 258, 267, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992). The Court described proximate causation as including a "demand for some direct relation between the injury asserted and the injurious conduct alleged." Id. at 268. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether

the alleged violation led directly to the plaintiff's injuries." Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006).

In Zervas v. Faulkner, the Fifth Circuit recognized proximate causation in the RICO context as an inquiry into "whether the conduct has been so significant and important a cause that the defendant should be held responsible . . . taking into consideration such factors as the foreseeability of the particular injury, the intervention of other independent causes, and the factual directness of the casual connection." 861 F.2d 823, 834 (5th Cir. 1988) (quoting Brandenburg v. Seidel, 859 F.2d 1179, 1189 (4th Cir.1988)). The causal link cannot "rest only on an overly attenuated chain of inferences." See id. at 837; Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC, 352 F. App'x 945, 951 (5th Cir. 2009).

Plaintiff has alleged a scheme by Defendants to defraud their clients and embezzle Exide settlement money for their own benefit. Plaintiff claims to have suffered a depletion of his share of the global settlement proceeds as a result of the RICO scheme. At this stage of the proceedings, Plaintiff has alleged a sufficient causal nexus between his injuries and the predicate acts.

*(iii) Conspiracy*

Defendants contend that Plaintiff failed to adequately plead the agreement and intent needed to state a RICO conspiracy claim. In this action, the Defendants are a law firm, two partners, and an associate. Each are alleged to have undertaken various tasks in furtherance of the alleged scheme. Salinas v. United States, 522 U.S. 52, 63, 118 S. Ct. 469, 139 L. Ed. 2d 352 (1997) (holding conspirators liable for actions not made or taken individually but by another conspirator).

Thompson, Ashford, or Awbrey are all accused of engaging in the predicate acts for the benefit of the enterprise. Therefore, Plaintiff has met his pleading burden under Rules 12(b)(6).

*(iv) Rule 9(b)*

Rule 9(b) also applies to RICO actions based on allegations of fraud. Williams, 112 F.3d at 177. Plaintiff has alleged that Defendants defrauded their clients of settlement funds in violation of RICO. Particularly, Plaintiff contends that Defendants failed to disclose the global nature of the settlement, amount of the settlement, or an explanation of expenses in order to convince their clients to accept the settlement offer. This, Plaintiff claims, was part of Defendants' scheme to recover previously unreimbursed expenses. Plaintiff has alleged sufficient information for Defendants to be on notice of the fraud claims pled against them under RICO. Defendants' Motion to Dismiss [20] on the basis of Rule 9(b) is denied.

*Conclusion*

Plaintiffs' Motion to Alter or Amend is GRANTED in part and DENIED in part. The Court reaffirms its prior ruling on Plaintiffs' state law claims as barred by the statute of limitations. The prior dismissal of Plaintiffs' RICO claims, however, is reconsidered, and those claims survive this pleading stage.

Defendants' Motion to Dismiss [20] is GRANTED in part and DENIED in part.

SO ORDERED, this the 8th day of June, 2011.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**